IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Terrence Javon Allen, Sr., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17cv190 (AJT/IDD) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

FILED
NOV 15 2017
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Terrence Javon Allen, Sr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions entered in the Circuit Court of Newport News. Case Nos. CR12-1340 through -1351, CR12-1542, CR12-1544, CR12-1546, CR12-1547. Before the Court is the respondent's Motion to Dismiss the petition.

### I. Background

On November 19, 2014, following a jury trial, Allen was found guilty of eluding the police, aggravated maiming, robbery, attempted robbery, conspiracy to commit robbery, burglary while armed with a deadly weapon, three counts of abduction, and seven counts of unlawful use of a firearm. He was sentenced to serve 133 years in prison.

Allen pursued a direct appeal before the Court of Appeals of Virginia, raising the following claims:

    I.    The trial court erred in denying his motion to strike fifteen of the counts against him where there was reasonable doubt that he committed the offenses.

    II.   The trial court erred in denying his motion to set aside the verdict where there was reason to believe the prosecutor had an impermissible *ex parte*

> contact with the alternate juror.
>
> III. The trial court erred in denying his motion to dismiss all charges where his waiver of his right to counsel in the general district court was improperly disregarded.

The petition for appeal was denied in a *per curium* order on September 8, 2015. Allen v. Commonwealth, R. No. 0093-15-1 (Sept. 8, 2015); Resp. Ex. 1. On November 10, 2015, petitioner's request for review by a three-judge panel was denied. Id. Petitioner sought further review by the Supreme Court of Virginia, and his petition for appeal was refused on July 14, 2016. Allen v. Commonwealth, R. No. 151742 (Va. July 14, 2016); Resp. Ex. 2.

Meanwhile, on November 30, 2015, Allen filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> A. His right to a speedy trial was violated.
>
> B. He was denied his right to waive counsel and to represent himself.
>
> C. The jury was tainted when the victim blurted out that petitioner had written to him from jail and offered to pay him off.
>
> D. The trial court erred in failing to dismiss the indictments when the prosecutor failed timely to comply with discovery and inspection.
>
> E. The trial court erred in failing to dismiss the indictments because his identification was invalid.

Resp. Ex. 3.

On February 8, 2016, the Supreme Court of Virginia ordered that the petition be dismissed. Specifically, it determined that the portion of claim (1) where petitioner alleged that he was denied the right to represent himself was barred because that issue had been raised and

2

decided on direct appeal and could not be re-asserted in a habeas corpus petition. The Court further found that Allen's remaining claims were non-jurisdictional and could have been raised at trial and on direct appeal and therefore were not cognizable in habeas corpus pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). Allen v. Commonwealth, R. No. 151837 (Va. Feb. 8, 2016); Resp. Ex. 4.

In September, 2016, Allen filed a habeas corpus petition in the state trial court. In an Order entered on December 5, 2016, the petition was dismissed as successive pursuant to Va. Code § 8.01-654(B)(2), which bars consideration of all claims known to a petitioner at the time he filed his first application for habeas relief. Resp. Ex. 5. Respondent reports that Allen noticed an appeal of that Order to the Supreme Court of Virginia, Resp. Brief at 3, but independent research at the Case Status and Information website of the Supreme Court of Virginia failed to locate such an appeal.

Allen then turned to the federal forum and timely filed the instant petition for relief pursuant to § 2254 on February 2, 2017,[1] raising the following claims:

    1.    The identification was overly and impermissibly suggestive.

    2.    He was denied his right to waive counsel and to represent himself.

    3.    His right to a speedy trial was violated.

    4.    The jury was tainted when the victim blurted out that petitioner had written to him from jail and offered to pay him off.

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988). Here, Allen executed his petition on February 2, 2017, and in the absence of evidence to the contrary the Court assumes it was delivered for mailing that same day.

3

Pet. at § 14. Attached to the habeas petition is a document Allen has captioned "Petition for Appeal" which appears in essence to be a supporting memorandum. [Dkt. No. 1, Att.1] In it, Allen includes a section entitled "Assignments of Error." It is unclear whether Allen intends to assert these arguments as additional claims, and in deference to his pro se status the Court will assume, as did the respondent, that they were meant as such. In them, Allen contends:

1. The Supreme Court of Virginia erred in affirming the denial of his motion to strike fifteen of the counts against him where there was reasonable doubt that he committed or aided and abetted in the commission of the offenses.

2. His waiver of his right to counsel was improperly disregarded and he was forced over objection to be represented at the preliminary hearing, a critical stage of the proceedings.

3. The Supreme Court of Virginia erred in denying his motion to dismiss all charges where his right to a speedy trial was violated.

4. The Supreme Court erred in denying his motion to dismiss all charges where there was *ex parte* contact between the prosecutor and jurors which could have caused a conflict of interest.

5. The trial court erred in denying his motion to dismiss the charges against him where evidence showed that the Commonwealth's Attorney failed to comply with discovery.

Dkt. No. 1, Att. 1 at 11-12.

On April 24, 2017, respondent filed a Rule 5 Response and a Motion to Dismiss the petition with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 7 - 10] Petitioner subsequently filed an opposition. [Dkt. No. 15] Accordingly, this matter is ripe for

4

disposition.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364 (1995). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court."). As the respondent acknowledges, all of Allen's present claims were exhausted in the state forum.

## III. Procedural Default

Many of the claims raised in this petition are procedurally defaulted. When Allen first raised claims 1 (suggestive identification), 3 (speedy trial violation) and 4 (tainted jury) in his petition for a state writ of habeas corpus, the Supreme Court of Virginia determined pursuant to Slayton, 205 S.E.2d at 680, that these non-jurisdictional issue could have been raised at trial and

on direct appeal and therefore were not cognizable in a habeas proceeding. Allen v. Commonwealth, R. No. 151837; Resp. Ex. 4. In addition, the Supreme Court of Virginia held that the claims Allen raises here in "Assignments of Error" 3 (speedy trial) and 5 (prosecutor's failure to comply with discovery) were barred from consideration by Slayton. Id.

On federal habeas corpus review, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of Claims 1, 3 and 4 of this petition as well as "Assignments of Error" 3 and 5 also precludes federal review of those claims.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 262 (1989). In his Opposition to the Motion to Dismiss [Dkt. No. 15], Allen does not contest that he has procedurally defaulted as to Claims 1, 3 and 4 or that his default is excused because of a showing of cause and prejudice. Accordingly, Claims 1, 3 and 4 of this petition and "Assignments of Error" 3 and 5 are procedurally barred from federal review.

### IV. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on that same claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or

based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of those standards of review. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Thus, "[t]he question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Mandrigan, 550 U.S. 465, 673 (2007). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet - and it is - 'that is because it was meant to be.'" Burt v. Titlow, 571 U.S. __, 134 S.Ct. 10, 16 (2013) (quoting Richter, 562 U.S. at 102).

When a federal habeas petitioner challenges the reasonableness of the factual basis for a state conviction, the AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro, 550 U.S. at 473-74. Under the AEDPA standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than

7

the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## V. Analysis

In claim 2 of this petition and again in "Assignment of Error" 2, Allen argues that the charges against him should have been dismissed based on a violation of his right to waive counsel and to represent himself when an attorney was assigned to represent him at the preliminary hearing. When he made this same argument on direct appeal, the Court of Appeals of Virginia found it to be without merit for the following reasons:

> [Allen] contends the trial court erred in denying his motion to dismiss all charges against him where [his] waiver of his right to counsel in the general district court was improperly disregarded.
>
> The Sixth Amendment guarantees a criminal defendant "the Assistance of Counsel for his defense." U.S. Const. amend. VI. This textual right "implied" the concomitant right to be unassisted by counsel. Faretta v. California, 422 U.S. 806, 821 (1975). The unique right to appear *pro se*, known as the Faretta right, applies only when a defendant "truly wants to do so." Id. at 817. Because a *pro se* defense "usually increases the likelihood of a trial outcome unfavorable to the defendant, McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8 (1984), courts scrutinize the good faith of the defendant's request as well as his manner of making it. Despite its constitutional rank, however, "the right to self-representation is not absolute." Martinez v. Court of Appeal, 528 U.S. 152, 161 (2000).
>
> [Allen] signed a "Waiver of Right to be Represented by a Lawyer" form on May 9, 2012 in the general district court. However, the general district court judge later appointed counsel for appellant for the preliminary hearing proceedings. The prosecutor represented to the trial court that the general district court judge expressed concerns regarding appellant's ability to understand the consequences of representing himself on the numerous and serious charges he faced. The prosecutor also advised the trial court that appellant presented no defense evidence at the preliminary hearing.
>
> The court-appointed attorney moved to withdraw from the case, and the trial court judge appointed another attorney. This attorney

> requested a competency evaluation of [Allen], which was conducted. Almost one year later, [Allen] informed the trial court he desired to represent himself at trial. The trial court granted this request. [Allen] represented himself at his jury trial with the aid of stand-by counsel.
>
> As the trial court noted at the motion to dismiss, some of the charges against [Allen] were dismissed by *nolle prosequi* in the general district court and were later reinstated at a point in time after [Allen] signed the waiver form. Thus, [Allen's] waiver of counsel may not have applied to these charges. In addition, as the trial court pointed out, the fact that the general district court initially accepted the waiver, then later appointed counsel "speaks a great deal concerning the [c]ourt's belief as to the continuing validity of that waiver itself."
>
> Because [Allen] represented himself in the trial court, [he] was not deprived of the ability to plead or present his own defenses before the jury in the trial court. "[T]he right to self-representation – to make one's own defense personally – is ... necessarily implied by the structure of the [Sixth] Amendment." Faretta, 422 U.S. at 819. In addition, the fact that [Allen] had appointed counsel at the preliminary hearing in the general district court did not affect the proceedings in the jury trial. On this record, we cannot say the trial court erred by denying the motion to dismiss the charges on this ground.

Allen v. Comm., R. No. 0093-15-1, slip op. at 5-6. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Allen fails to demonstrate that the foregoing holding reflects an unreasonable determination of the facts or a misapplication of controlling federal principles. While the Faretta Court recognized a defendant's right to represent himself as long as that decision is made knowingly, intelligently, and voluntarily, it did not prescribe detailed guidelines concerning the tests or lines of inquiry a trial judge is to employ in determining whether a defendant's request for self-representation meets those parameters. United States v. Gallop, 838 F.2d 105, 109 (4th

9

Cir. 1988). Because <u>Faretta</u> thus sets forth a general rule governing waivers of counsel, federal courts "must remain particularly mindful of the leeway state courts have in applying" it. <u>Spates v. Clarke</u>, 547 Fed. App'x 289, 294 (4th Cir. 2013). "[T]he more general the rule at issue - and thus the greater the potential for reasoned disagreement among fair-minded judges - the more leeway state courts have in reaching outcomes in case-by-case determinations." <u>Renico v. Lett</u>, 559 U.S. 766, 776 (2010).

Bearing these principles in mind, it cannot be said that the trial court's refusal to dismiss all charges against Allen based upon the appointment of counsel for the preliminary hearing "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington</u>, 562 U.S. at 103. The record reflects that Allen executed a waiver of his right to counsel in the general district court on May 9, 2012. However, the court expressed concern regarding petitioner's ability to understand the potential consequences of such a decision and stated, "I don't think I should honor your request because of the seriousness of the charges." An attorney thereupon was appointed to represent Allen at the preliminary hearing. [T. 2/19/14 at 128] However, as discussed in the Court of Appeals' opinion, the circuit court subsequently accepted Allen's waiver of counsel and permitted him to represent himself with the aid of standby counsel at his jury trial. [<u>Id.</u> at 141-43]

Under these circumstances, even if it were assumed that the general district court erred in assigning counsel to Allen for the preliminary hearing, the error at worst was harmless. Even a constitutional error amounts to harmless error where it can be shown that it did not contribute to the verdict. <u>Satterwhite v. Texas</u>, 486 U.S. 249, 256 (1988). Here, the presence of counsel at the preliminary hearing had no demonstrable effect on Allen's trial in the circuit court. Nothing that occurred at the preliminary hearing deprived Allen of the ability to plead any defenses during his

self-representation at trial, nor did he enter a guilty plea or offer any evidence that later was used against him at his trial. The appointment of counsel for the preliminary hearing thus had no effect on Allen's eventual ability to choose and to conduct his own defense at trial, nor did it impact the verdict the jury ultimately reached. Here, then, it cannot be said that the state courts' rejection of Allen's claim that he was entitled to dismissal of the numerous charges he faced based on the appointment of counsel for the preliminary hearing was contrary to or an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, that result must be allowed to stand here. Williams, 529 U.S. at 412-13.

In "Assignment of Error" 1, Allen contends that his motion to strike fifteen of the sixteen counts against him was wrongfully denied where there was reasonable doubt that he was the person who committed the offenses and there was no proof of an agreement to commit robbery relating to the conspiracy charge. The Court of Appeals of Virginia rejected this contention on the following holding:

> Tanisha Davis, one of the victims, positively identified [Allen] in court as one of the perpetrators. She testified [Allen] held a gun to her face and "had [her] in the corner." Davis obtained a description of the car in which the assailants fled, and she provided it to the police. The police stopped the vehicle, and [Allen] was in it. On the date of the offenses, Davis positively identified [Allen] from a photograph array prepared by the police.
>
> James Warren, another victim in the case, also positively identified [Allen] in court as one of the perpetrators. He stated he "remembered" [Allen], he "looked as [Allen] dead in the face," and [Allen] wore a hat during the incident. Warren also testified [Allen] pointed a gun at him and repeatedly asked "Where's the money?" Warren stated he thought he later chose [Allen's] photograph from a photograph spread provided by the police.
>
> Officer Jeff Blaisdell pursued the car described by David and saw

11

someone throw two firearms from the vehicle. Officer Scott Stewart also pursued the car, which eventually stopped. Stewart testified two people exited the car and fled in one direction. However, the driver fled in the other direction and Stewart pursued the driver, [Allen], who was eventually caught. the Court of Appeals of Virginia found it to be without merit for the following reasons:

The factors for determining the reliability if identification testimony include.

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

Here, both adult victims positively identified [Allen] as one of the perpetrators. These victims were held at gunpoint by [Allen] and had the opportunity to observe him during the incident. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder wh has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). In addition, Davis provided the police with a description of the car in which the men fled and [Allen] was the driver of the car. Furthermore, [Allen] attempted to flee from the police when he exited the stopped car. "Flight following the commission of a crime is evidence of guilt ...." Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996). From this evidence, the jury could conclude [Allen] was one of the perpetrators of the offenses. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that [Allen] committed the charged crimes.

Allen v. Comm., R. No. 0093-15-1, slip op. at 2-3.

Allen fails to demonstrate that the foregoing holding reflects an unreasonable determination of the facts or a misapplication of controlling federal principles. To the contrary, the Virginia court's conclusion that Allen's identification by two victim witnesses was reliable

was neither contrary to nor and unreasonable application of the factors enunciated in Biggers, 409 U.S. at 199-200. See Manson v. Brathwaite, 432 U.S. 98, 114 ("Reliability is the linchpin in determining the admissibility of identification testimony...."). On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by state trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993). Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Allen guilty of the crimes with which he was charged. See Jackson, 443 U.S. at 319. Accordingly, the state courts' denial of relief on petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts, and the same result is compelled here. Williams, 529 U.S. at 412-13.[2]

---

[2]Allen also included an argument as part of this claim on direct appeal that there was no proof of an agreement related to the charge of conspiracy to commit robbery. The Court of Appeals found that because the argument had not been presented to the trial court its consideration on appeal was precluded by Rule 5A:18. Allen v. Comm., R. No. 0093-15-1, slip op. at 3. Accordingly, because that portion of Allen's federal claim is both unexhausted and incapable of exhaustion, it is defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

In "Assignment of Error" 4, Allen asserts that his right to a fair trial was violated when the court denied his motion to set aside the verdicts in which he asserted that improper *ex parte* contact between the prosecutor and the alternate juror occurred before the jury returned its verdict. On direct appeal, the Court of Appeals found no merit to this argument, as follows:

> At the sentencing hearing, [Allen] made a motion to set aside the verdict on the ground that his sister had reported seeing the prosecutor talking with the alternate juror and "another juror that was part of the jury pool" outside of the courtroom while the jury was taking a lunch break from their deliberations. [Allen] asserted the jurors could have seen the conversation take place and the alternate juror could have texted other jurors with information. [Allen] admitted he did not know the content of the conversation or "what they may have said to those jurors."
>
> The prosecutor represented to the trial court that he conversed with the alternate juror after she had been dismissed from the jury by the trial court. In addition, a member of the jury panel who had not been selected to serve on the jury was present during the conversation. The prosecutor stated he explained to the alternate juror the process involved with alternate jurors, and he gave both of these persons his contact information so that after the trial was concluded, they could contact him and give him a critique of the trial. The prosecutor stated he did not discuss appellant's case during the conversation.
>
> The trial court ruled appellant's motion was speculative and was "not well founded." The trial court denied the motion to set aside the verdict.
>
> There is no evidence of juror misconduct in this case. Rather, the prosecutor conversed with a former alternate juror, who had been dismissed from the jury prior to the start of the jury's deliberations and prior to the time of the conversation. In addition, another individual was present who was never a member of the jury. Furthermore, as the trial court found, appellant's motion was based on sheer speculation that any actual member of the jury was aware that the conversation took place or was aware of the content of the conversation. Even though no member of the deliberating jury was involved in the conversation, "[s]peculation and unsubstantiated allegations do not present a colorable claim of outside influence of a juror." United States v. Wintermute, 443 F.3d 993, 1003 (8th Cir.

2006). Accordingly, the trial court did not err in denying the motion to set aside the verdict.

Allen v. Comm., R. No. 0093-15-1, slip op. at 3-4.

Allen fails to demonstrate that the foregoing holding reflects an unreasonable determination of the facts or a misapplication of controlling federal principles. This Court must accept as true the state appellate court's factual determination that "[t]here is no evidence of juror misconduct in this case." 28 U.S.C. §2254. That being so, the state court's determination that Allen's speculative and unsubstantiated allegations were insufficient to state a claim for relief was in accord with applicable federal principles, Wintermute, 443 F.3d at 1003, and the same result must obtain here. Williams, 529 U.S. at 412-13.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 15th day of November 2017.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge